Argued June 19, reversed and remanded August 2, 1978

STATE OF OREGON, *Appellant,*
*v.*
CLEVELAND LEROY HARTLE, *Respondent.*
(No. 78-02123, CA 10391)
581 P2d 966

Philip P. W. Yates, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

John Daugirda, Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The state appeals a pretrial order dismissing a traffic complaint charging the defendant with driving while his operator's license was suspended.

The defendant's operator's license was suspended, effective February 11, 1973, for failure to appear at a hearing on a traffic offense, ORS 484.210(2). On January 21, 1978, defendant was charged with driving while suspended. The Motor Vehicles Division (Division) certified that the suspension of February 11, 1973, was still in effect. Defendant moved, prior to trial, for dismissal of the charge on the ground the period of suspension had expired. The motion was granted and the state appeals pursuant to ORS 138.060(1).

The sole issue is whether the length of the suspension for failure to appear is controlled by ORS 484.210(2) or 482.470(1). ORS 484.210(2) provides that upon receipt of a notice from the court that defendant has failed to appear

"* * * the division shall suspend the defendant's license for an indefinite period. If the defendant thereafter makes his appearance before the court, the court shall notify the division of the fact and the division shall thereupon terminate the suspension ordered pursuant to this subsection. * * *"

ORS 482.470(1) provides:

"Except as provided in subsections (3) and (4) of ORS 482.430 and in ORS 482.440, the division shall not suspend a license for a period of more than one year."

The trial court held, and the defendant here argues, the latter statute sets forth the maximum limits of a suspension the Division may order, except as specifically noted in that subsection.

The legislature has provided rules for judicial construction of its enactments when there appears to be a conflict between statutory provisions on the same subject.

"In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it." ORS 174.020.

Suspension for failure to appear provides a specific solution for a particular problem. The evident intent of the legislature was to provide the courts with a means of enforcing the appearance of a defendant to answer a traffic charge. By the terms of the statute, the suspension period is to continue until the Division is notified the defendant has made an appearance. The purposes of this type of suspension would, in some measure, be frustrated if the suspension were limited to one year. There is no indication in the experience of traffic court administration that defendants will respond to this incentive within a one year period. The facts of this case demonstrate to the contrary. It is doubtful the legislature intended to grant the specific authority to suspend indefinitely to accomplish a particular purpose and then limit the authority by a general statute.

The limitation in ORS 482.470(1) relates to those suspensions the Division is authorized to order wherein no particular period or determinable terminating event is specified, for example, the permissive suspensions authorized in ORS 482.450.

We conclude the particular provision of ORS 484.210(2) controls the length of suspension for failure to appear at a hearing.

Reversed and remanded.